UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALID SUMMA,
    Plaintiff,
-vs.-                            **DEMAND FOR JURY TRIAL**

ENHANCED RECOVERY COMPANY, LLC,
a Delaware company,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Enhanced Recovery Company, LLC which is a Delaware company that maintains registered offices in Ingham County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oakland County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Chrysler Financial in the amount of $753.00.

7. Defendant first started calling Plaintiff attempting to collect this alleged debt sometime in April 2013.

8. Defendant has been calling Plaintiff on his home phone from 800-390-7538. Plaintiff's home phone number is (xxx) xxx-6113.

9. Defendant has been leaving messages on Plaintiff's home phone disclosing that it is a debt collector. Plaintiff's children have heard these messages. Their names are Nicole Summa who is 21 years old and Yasmeen Summa, who is 19 years old.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates the preceding allegations by reference.

11. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

12. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

13. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

14. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

15. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

16. Plaintiff incorporates the preceding allegations by reference.

17. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

18. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

20. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

21. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

22. Plaintiff incorporates the preceding allegations by reference.

23. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

24. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

25. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

26. Plaintiff has suffered damages as a result of these violations of the MCPA.

27. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

   a. Actual damages.
   b. Statutory damages.
   c. Treble damages.
   d. Statutory costs and attorney fees.

Respectfully submitted,

May 12, 2013

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff